COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
                                                           
   NOS.
2-01-525-CR
          
           
           
                                   
2-01-526-CR
          
           
           
           
           
           
 2-01-527-CR
          
           
           
           
           
           
 2-01-528-CR
DAVID WAYNE HUDDLESTON       
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
    STATE
------------
FROM THE 362
nd DISTRICT COURT OF DENTON
COUNTY
------------
OPINION
------------
Appellant David Wayne Huddleston
pleaded guilty to eighteen sex-related offenses charged in four indictments and
was sentenced by the trial court to one twenty-year sentence and seventeen life
sentences, which were ordered to run consecutively. Appellate counsel has filed
motions to withdraw from further representation in all four appeals because it
is his professional opinion that these appeals are frivolous.
Appellant was charged in four
indictments with a number of sex offenses, including possession of child
pornography, aggravated sexual assault, indecency with a child, and sexual
performance of a child. The indictment in each case contained a repetition
paragraph alleging one prior felony conviction. Appellant entered open
(non-negotiated) guilty pleas to the charges in each case. He was subsequently
sentenced to seventeen consecutive life sentences in the aggravated sexual
assault cases and twenty years on the possession of child pornography case.
Appellant's court-appointed counsel
has filed a motion to withdraw from further representation because he has
concluded this appeal is without merit. Counsel has also filed a brief in
support of the motion to withdraw. Counsel's brief meets the requirements of Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a
professional evaluation of the record demonstrating, in effect, why there are no
arguable points of error. See High v. State, 573 S.W.2d 807, 812 (Tex.
Crim. App. [Panel Op.] 1978); Currie v. State, 516 S.W.2d 684, 684
(Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137, 138 (Tex.
Crim. App. 1969). Appellant was given the opportunity to file a pro-se brief in
these appeals, but chose not to do so.
Once an appellant's court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record and to essentially re-brief
the case for appellant to see if there is any arguable ground that may be raised
on the appellant's behalf. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991).
Because appellant pleaded guilty to
the offenses, he has waived the right to appeal any nonjurisdictional defects,
other than the voluntariness of his pleas, that occurred before entry of each
plea so long as the judgments of guilt were rendered independent of, and are not
supported by, the alleged error. See Young v. State, 8 S.W.3d 656,
666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1, 4-5 (Tex.
Crim. App. 1995). Therefore, our independent review of the record is limited to
potential jurisdictional defects, the voluntariness of appellant's pleas,
potential error occurring before appellant's pleas that resulted in or supports
the judgments of guilt, and potential error occurring after the guilty pleas.
Our review of the record reveals no
jurisdictional defects. The trial court had jurisdiction over each case. See
Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2003). Further, the
indictments sufficiently conferred jurisdiction on the trial court and provided
appellant with sufficient notice. See Tex. Const. art. V, § 12; Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
The record reveals that the trial
court properly admonished appellant before he pleaded guilty and that
appellant's pleas were knowing and voluntary. The record also reveals that no
error occurred before appellant's pleas were entered.
Finally, the cases were properly
consolidated, and the sentences assessed by the trial court were within the
statutorily permissible range and were based on admissible evidence introduced
at trial. See Tex. Penal Code Ann. § 3.02 (Vernon 1994). Appellant's
counsel correctly notes that the trial court acted within its authority in
stacking appellant's sentences under the provisions of penal code section
3.03(b)(2)(A) which permits the trial court to order sentences in enumerated sex
offenses to run consecutively. Id. § 3.03(b)(2)(A) (Vernon Supp.
2003). Thus, we discern no reversible error during the punishment phase.
After independently reviewing the
record, we agree with appellate counsel's determination that any appeals from
these cases would be frivolous.
Accordingly, we grant counsel's
motion to withdraw and affirm the trial court's judgments.
 
                                                                   
PER CURIAM
 
PANEL F: DAVID L. RICHARDS, J.
(Sitting by Assignment), DAY and LIVINGSTON, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 20, 2003]